UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-cv-20081-JB

OUSSAMA ABDEL MOUNAIM MALI,

  Petitioner,

v.

KROME NORTH SERVICE PROCESSING
CENTER,

  Respondent.

_____/

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** comes before the Court upon Petitioner Oussama Abdel Mounaim Mali's Emergency Petition for Writ of Habeas Corpus (the "Petition"). ECF No. [1]. Respondent filed a Response in opposition to the Petition. ECF No. [6]. Petitioner thereafter filed a Motion to Supplement Petition "to provide notice of new facts demonstrating continued violations of his constitutional rights."[1] ECF No. [13]. Upon due consideration of the parties' submissions, the pertinent portions of the record, and the applicable law, for the reasons explained below, Counts One and Two of the Petition are **DENIED**, and Counts Three, Four and Five are **DISMISSED WITHOUT PREJUDICE**.

---

[1] For the sake of completeness, the Court has considered the information provided in Petitioner's Motion to Supplement Petition. However, as explained *infra*, denial of the Petition is still warranted because the "new facts" and "new evidence" identified concern the *conditions* of his confinement rather than the *fact* of his confinement. Issues with the conditions of his confinement, however, cannot be properly raised in a habeas petition.

1

## I.   BACKGROUND

Petitioner is an Algerian national who entered the United States in June 2015 on a B-2 visitor visa, which authorized him to remain in the country until December 20, 2015.  ECF No. [6-3] ¶¶ 7, 8.  Petitioner remained in the United States beyond that date without authorization from the Immigration and Naturalization Service or the Department of Homeland Security ("DHS").  *Id.* ¶ 9; ECF No. [6-1] at 2.

On January 24, 2017, United States Immigration and Customs Enforcement and Removal Operations ("ERO") encountered Petitioner and took him into custody. ECF No. [6-3] ¶ 10.  The next day, DHS issued Petitioner a Notice to Appear ("NTA"), charging Petitioner with removal pursuant to section 237(a)(1)(A)(B) of the Immigration and Nationality Act ("INA") because he has "remained in the United States for a time longer than permitted[.]" ECF No. [6-2] at 1.

DHS initiated removal proceedings against Petitioner, and, in February 2017, an immigration judge released Petitioner on bond.  ECF No. [6-4].  In July 2017, an Order of Immigration Judge was entered against Petitioner sustaining the charge of removal and granting his request for voluntary departure in lieu of removal.   ECF N. [6-5].  The immigration judge entered an alternative order of removal in the event that Petitioner did not leave the country.  *Id.*  In particular, the Order of Immigration Judge specified that "if [Petitioner] fails to depart as required, the [voluntary departure] order shall be withdrawn without further notice or proceedings and the following order shall become immediately effective: [Petitioner] shall be removed . . . on the charge(s) in the Notice to Appear." *Id.* at 1.

Petitioner readily admits that he did not voluntarily depart the United States as required.  ECF No. [1] ¶ 19.  He states that he "remained in the United States out of fear of returning to [his] country of origin."  *Id.*  Petitioner further alleges that in May 2025, he filed an asylum application with U.S. Citizenship and Immigration Services, which he asserts remains pending.  *Id.* ¶ 20.

On October 10, 2025, Petitioner was detained by the Florida Highway Patrol for driving with an expired license and transferred to ICE custody.  *Id.* ¶¶ 21–22. That same day, DHS charged Petitioner as a deportable alien under section 237(a)(1)(B) of the INA, codified at 8 U.S.C.  § 1227.  ECF No. [6-1].

On November 3, 2025, Petitioner filed a Motion to Reopen his removal proceedings and requested a stay of removal in connection with his Motion to Reopen. ECF Nos. [6-3] ¶ 21, [6-6].  The next day, the immigration judge granted Petitioner's stay request pending ruling on Petitioner's Motion to Reopen.  ECF No. [6-6] (ordering that Petitioner's application "for a stay of removal in connection with [his] Motion to Reopen or Motion to Reconsider . . . be granted, *to be effective until determination of the motion*.") (emphasis added).

On December 3, 2025, while his Motion to Reopen was pending, Petitioner filed a bond determination request.  ECF No. [6-3] ¶ 25.  The immigration court set a Custody Redetermination Hearing for December 10, 2025, ECF No. [6-9], following which the immigration judge denied bond on the basis that Petitioner "is a flight risk" and, thus, "failed to demonstrate eligibility for bond under INA Section 236(a)."  ECF No. [6-10].  The following day, on December 11, 2025, the immigration judge ruled on

the merits of Petitioner's Motion to Reopen and denied relief.  ECF No. [6-7].  In particular, the immigration judge ruled that Petitioner's "motion to reopen these proceedings . . . is denied" because "[t]he motion is untimely and fails to meet any exceptions . . . [and] [Petitioner] failed to comply with a voluntary departure order dated July 27, 2017."  *Id.*  Petitioner's appeal of the immigration judge's order to the Board of Immigration Appeals remains pending.  ECF Nos. [6-3] ¶ 24, [6-8].

On December 31, 2025, Petitioner filed a second custody redetermination request.  ECF No. [6-3] ¶ 28.  On January 9, 2026, the immigration judge again denied bond on the basis that Petitioner is a "flight risk" and is "subject to [an] order of removal" given that his "MTR [motion to reopen] [was] denied [on] 12/11/2025."  ECF No. [6-11].   Petitioner remains in ICE custody and is currently awaiting removal.  ECF Nos. [6-3] ¶ 30, [6-12].

## II.    THE INSTANT ACTION

On January 7, 2026, Petitioner filed the instant Petition.   ECF No. [1].  Petitioner alleges that he "ha[s] been subjected to differential and discriminatory treatment compared to other detainees, as well as constant pressure from custodial officers to sign documents related to [his] deportation [and] repeatedly told that [his] removal was merely a 'matter of time.'"  *Id.* ¶ 25.  In particular, Petitioner complains that "ICE officials have obstructed" Petitioner's efforts to formalize his marriage to his partner and "have repeatedly instructed [him] to direct [his] attorney to cease legal advocacy, including requests related to [his] marriage and [his] release . . . ."  *Id.* ¶ 28.  The Petition raises five claims.

4

Count One alleges that Petitioner's continued detention violates the Due Process Clause of the Fifth Amendment to the U.S. Constitution because his "removal proceedings [were] formally reopened by judicial order, which was later annulled in an opaque and contradictory manner" and he remains in "arbitrary and potentially indefinite detention." *Id.* ¶¶ 36, 38. Count Two is a claim for "Unconstitutional Interference by the Executive Branch with Judicial Authority [in] Violation of the Separation of Powers" on the basis that "the judicial decision reopening [his] case was effectively neutralized by administrative acts . . . ." *Id.* ¶ 46. Count Three is a claim for "Illegal Coercion and Retaliation for the Exercise of Legal and Constitutional Rights" on the basis that "custodial officers have . . . pressured [him] to sign deportation documents" and "unjustifi[ably] refus[ed] . . . to allow [Petitioner] to formalize [his] marriage to [his] partner . . . ." *Id.* ¶ 54. Count Four alleges a violation of the Equal Protection Clause of the U.S. Constitution on the basis that Petitioner "was subjected to differential and adverse treatment directly because of [his] national origin . . . ." *Id.* ¶ 58. Finally, Count Five alleges a claim for "Unconstitutional Interference with the Exercise of the Fundamental Right to Marry," again on the basis that "ICE official refused to allow [Petitioner] to formalize [his] marriage . . . ." *Id.* ¶ 66.

Petitioner seeks an order "prohibiting Respondents from executing any order of removal; transferring the Petitioner to another detention facility; and engaging in any act of coercion, intimidation, or retaliation while [his] Petition is pending." *Id.* at 13. Petitioner also asks the Court to "[o]rder Respondents to refrain from directly or

5

indirectly interfering with the Petitioner's exercise of the fundamental right to marry" and "provide formal explanations and restore the complete and intact record of the previously granted Motion to Reopen." *Id*. Petitioner further seeks an order "declaring the Petitioner's detention unconstitutional and unlawful, and ordering his immediate release from ICE custody" and "declar[ing] the maintenance of the Petitioner's custody . . . violates the Fifth Amendment to the Constitution." *Id*. at 13–14. In the alternative, Petitioner requests that the Court "order a constitutionally adequate bond hearing, within a fixed timeframe . . . ." *Id*. at 13.

Respondents filed a Response to the Petition. ECF No. [6]. Respondents argue that Petitioner's detention is lawful because he is subject to a final order of removal and his detention has not exceeded the period held presumptively reasonable in *Zadvydas v. Davis*, 535 U.S. 678 (2001). *Id*. at 4–6. Respondents further argue that the record reflects that Petitioner's Motion to Reopen his removal proceedings was denied. *Id*. at 6–7. Finally, Respondents assert that Petitioner's claims concerning the conditions of his confinement are not cognizable in habeas corpus proceedings. *Id*. at 7–8.

Petitioner did not file a reply. However, long after the reply deadline expired, Petitioner filed a Motion to Supplement Petition. ECF No. [13]. Therein, Petitioner reiterates that Respondents are purportedly frustrating his attempts to marry his partner such that "[t]he denial of the marriage request further restricts Petitioner's ability to access immigration relief and constitutes an additional violation of his due process rights." *Id*. at 2. Petitioner also argues that his continued detention violates

due process because Petitioner has (i) "a pending appeal before the Board of Immigration Appeals;" (ii) "a pending affirmative asylum application;: and (iii) strong family ties in the United States, including minor U.S. citizen children, a lawful permanent resident partner, and a stepson[.]" *Id.*

III.   **ANALYSIS**

District courts have the authority to grant writs of habeas corpus.  *See* 28 U.S.C. § 2241(a).  Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who shows that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).

A. **Claims Regarding Petitioner's Motion to Reopen are Without Merit.**

As an initial matter, Petitioner's claims in Counts One and Two with respect to his Motion to Reopen misstate the record.  These claims are based upon Petitioner's assertion that his removal proceedings were "formally reopened by judicial order" and later "annulled" or "neutralized" in violation of Petitioner's constitutional rights.  *See* ECF No. [1] ¶¶ 36, 46.   The evidentiary record contradicts Petitioner's assertions.

In particular, the record reflects that the immigration judge ruled on Petitioner's Motion to Reopen only once, and that ruling was a denial of Petitioner's Motion.  *See* Order of Immigration Judge dated December 11, 2025, ECF No. [6-7] (stating that Petitioner's "motion to reopen these proceedings . . . is denied" because "[t]he motion is untimely and fails to meet any exceptions . . . [and] [Petitioner] failed to comply with a voluntary departure order dated July 27, 2017.").  It appears that

Petitioner is confusing this Order with an earlier Order of Immigration Judge dated November 4, 2025. The November 4th Order of Immigration Judge granted Petitioner's request to *stay* removal *pending ruling on Petitioner's Motion to Reopen.* ECF No. [6-6] (ordering that Petitioner's application "for a stay of removal in connection with a Motion to Reopen or Motion to Reconsideration . . . be granted, to be effective *until determination of the motion.*") (emphasis added). It did not rule on the merits of Petitioner's Motion to Reopen his removal proceedings. Indeed, the November 4th Order makes clear that it is limited to Petitioner's request for a stay. *See* ECF No. [6-6] ("[I]t is hereby ordered that *the application for a stay of removal*: be granted to be effective until determination of the motion.").

Accordingly, for the foregoing reasons, Count Two and that portion of Count One concerning Petitioner's Motion to Reopen are without merit.

B. **Petitioner's Claim that He is Subject to Prolonged Detention in Violation of Due Process is Without Merit.**

In Count I, Petitioner argues that his continued and prolonged detention violates due process. ECF No. [1] at 7. To the extent that Petitioner is challenging his removal order, as opposed to challenging the length of his detention, the Court does not have jurisdiction to consider his challenge because Petitioner is subject to a final order of removal. In particular, the Order of Immigration Judge dated July 27, 2017 specified that "if [Petitioner] fails to depart as required, the [voluntary departure] order shall be withdrawn without further notice or proceedings and the following order shall become immediately effective: [Petitioner] shall be removed . . . on the charge(s) in the Notice to Appear." ECF No. [6-5]. Petitioner admits that he

8

did not voluntarily depart the country but, rather, remained in the United States. ECF No. [1] ¶ 19. As such, the July 2017 removal order automatically went into effect and became final. *See* 8 C.F.R. § 1241.1 ("An order of removal made by the immigration judge at the conclusion of proceedings under section 240 of the [INA] shall become final . . . [i]f an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period.").

The law is well-established that "district courts lack habeas jurisdiction to entertain challenges to final orders of removal." *See e.g., Themeus v. U.S. Dep't of Justice*, 643 F. App'x 830, 832 (11th Cir. 2016). Jurisdiction to review a final order of removal is vested exclusively in the court of appeals. *See* 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e).").

If Petitioner is arguing that the length of his detention violates due process, the Court has jurisdiction to consider his challenge. *See Zadvydas v. Davis*, 533 U.S. 678, 688 (2001) ("§ 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). However, Petitioner's claim still fails. Title 8 U.S.C. § 1231(a)(1) requires the

Government to effectuate an alien's removal within a ninety-day "removal period." 8 U.S.C. § 1231(a)(1).  During this removal period, the Government must detain the alien.  8 U.S.C. § 1231(a)(2)(A) ("During the removal period, the Attorney General shall detain the alien.").  The government may detain an alien beyond the ninety-day removal period only for a length of time "reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 533 U.S. at 689.  The Supreme Court has held that six months is a presumptively reasonable period for detention after the entry of a final order of removal. *Id.* at 701.  Given that Petitioner is subject to a final order of removal, his detention is permissible pursuant 8 U.S.C. § 1231(a)(2)(A).

Further, Petitioner has not been detained beyond the presumptively reasonable period of detention recognized in *Zadvydas* because, at the time he filed the Petition, Petitioner had been detained for less than three months.  *See Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002). ("This six-month period thus must have expired at the time [petitioner's] § 2241 petition was filed in order to state a claim under *Zadvydas*.").  Even as of today, Petitioner has not met the six-month detention threshold given that he was taken into ICE custody on October 10, 2025. ECF No. [6-1] at 3.  Notably, Petitioner filed two custody redetermination requests with the immigration court, and, in both instances, the immigration judge denied bond on the merits, finding that Petitioner "is a flight risk."  ECF Nos. [6-10], [6-11].

Accordingly, for the foregoing reasons, the Court concludes that Count One of the Petition is without merit.

**C. Counts Three, Four, and Five Cannot Be Raised in a Habeas Petition.**

In Counts Three, Four, and Five of the Petition, Petitioner complains that officers have (i) "pressure[d]" Petitioner to sign deportation documents, (ii) "unjustifi[ably] refus[ed] to allow [Petitioner] to formalize [his] marriage," and (iii) subjected Petitioner to "differential and adverse treatment directly because of [his] national origin." ECF No. [1] ¶¶ 52, 54, 58, 66. These claims concern the conditions of Petitioner's confinement and, thus, are outside the scope of habeas relief. *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance.") (quoting *Nelson v. Campbell*, 541 U.S. 637, 644 (2004)).

Indeed, Petitioner's requested relief makes clear that these claims are not cognizable in habeas proceedings. Petitioner requests, *inter alia*, that the Court "[o]rder Respondents to refrain from directly or indirectly interfering with the Petitioner's exercise of the fundamental right to marry . . . [and] [p]rohibit Respondents from conditioning humane treatment, access to counsel, administrative benefits, or custody-related decisions on the signing of deportation documents." ECF No. [1] at 13. Such relief reflects that Petitioner is not challenging the fact or duration of his confinement in Counts Three through Five as is necessary to bring a habeas petition. *See Vaz*, 634 F. App'x at 780 ("Claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the

conditions of confinement fall outside of habeas corpus law."). Moreover, "release from imprisonment is not an available remedy for a conditions-of-confinement claim." *Vaz*, 634 F. App'x at 778; *see also Gomez v. United States*, 899 F.2d 1124, 1126 (11th Cir. 1990) ("The appropriate Eleventh Circuit relief from prison conditions . . . is to require the discontinuation of any improper practices . . . [it] does not include release from confinement.").

For the foregoing reasons, Counts Three, Four and Five are dismissed without prejudice because a habeas petition is not the appropriate vehicle to raise those claims. Such claims are properly brought, if at all, pursuant to 42 U.S.C. § 1983. *See Vaz v. Skinner*, 634 F. App'x at 780.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Petitioner's Motion to Supplement Petition, ECF No. [13], is **GRANTED**.

2. Counts One and Two of Petitioner's Emergency Petition for Writ of Habeas Corpus, ECF No. [1], are **DENIED**.

3. Counts Three, Four, and Five of Petitioner's Emergency Petition for Writ of Habeas Corpus, ECF No. [1], are **DISMISSED WITHOUT PREJUDICE**.

4. The Clerk is directed to **CLOSE** this case.

5.      Any pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 31st day of March, 2026.

_____

**JACQUELINE BECERRA**
**UNITED STATES DISTRICT JUDGE**